**William Robert SMITH, Appellant,**

v.

**Rex WATTS, Appellee.**

Supreme Court of Tennessee.

Dec. 28, 1981.

Ronald Lee Gilman, Farris, Hancock, Gilman, Branan, Lanier & Hellen, Memphis, for appellant.

David E. Caywood, Picard, Canale, Caywood, Lucas & Watson, Memphis, for appellee.

## OPINION

FONES, Justice.

The sole issue before this Court is whether the cost of a transcript of the evidence is a recoverable item of costs on appeal, under T.R.A.P. 40.

Appellant was unsuccessful in the trial court but his appeal resulted in the award of a monetary recovery, plus "costs below and on appeal." The Court of Appeals' Opinion was filed on April 8, 1981. On April 20, 1981, appellant made a timely filing of an itemized and verified bill of costs pursuant to T.R.A.P. Rule 40(d). No objections were filed by appellee to these costs. However, the clerk of the Court of Appeals declined to include the cost of the transcript as a recoverable cost by appel-

lant. Appellant then filed a petition to review the clerk's action with the Court of Appeals. The Court of Appeals entered a judgment on June 23, 1981, allowing appellant to recover the costs for copying appellant's brief which totaled $109.01, but the cost for preparing the transcript of the trial court proceeding totalling $1,254.60 was denied as non-recoverable under T.R.A.P. Rule 40. We hold that denial of recovery for costs incurred to prepare the trial transcript was error.

Rule 40(c) of the Tennessee Rules of Appellate Procedure states:

"Recoverable costs on appeal include the cost of preparing and transmitting the record, the *cost of a transcript of the evidence* or proceedings, the cost of producing necessary copies of briefs and the record, the premiums paid for bonds to preserve rights pending appeal, and any other fees of the appellate court or clerk." (Emphasis added.)

The Advisory Committee comments with respect to Rule 40(c) are as follows:

"Many of the costs made recoverable by this subdivision are not currently taxable as costs. This subdivision makes costs taxable based on the principle that all items of cost expended in the prosecution of a proceeding should be recoverable by the successful party."

Clearly, Rule 40(c) provides for the recovery of the cost expended by the successful party for preparation of a transcript of the evidence necessary to prosecute the appeal.

Appellee's contention that Rule 40 does not specifically provide for the recovery of the cost of preparing an original of the transcript of the evidence, somehow completely overlooks the phrase in T.R.A.P. 40(c) underlined hereinabove. Appellee also contends that subsection (d) of Rule 40, "limits the recoverable cost to the cost of producing necessary copies of the record and briefs." The purpose of subsection (d) is to spell out the procedure for recovering costs not included in the bill of costs of the clerk of the trial court, and such costs are categorized as (1) the costs of producing necessary copies of briefs and (2) any other

recoverable cost on appeal. The cost of a transcript of the evidence expressly authorized in subsection (c) falls in the second category.

The cost of the transcript is not in dispute and this cause is remanded to the trial court for entry and enforcement of a decree for $109.01 allowed by the Court of Appeals plus the cost of the transcript of the evidence in the sum of $1,254.60. The costs of this appeal are adjudged against appellee.

HARBISON, C. J., and COOPER, BROCK and DROWOTA, JJ., concur.